IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

BC's HEATING & AIR AND SHEET METAL
WORKS, INC. AND CLARK LOWERY                   PLAINTIFFS

V.                                 CIVIL ACTION NO. 2:11-CV-136-KS-MTP

VERMEER MANUFACTURING COMPANY, et al.        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Plaintiffs' Motion for Partial Reconsideration [98].

## I. BACKGROUND

Plaintiff BC's Heating & Air and Sheet Metal Works, Inc. ("BC's") purchased a drill from Defendants. Plaintiff Clark Lowery is the president and owner of BC's. Plaintiffs allege that Defendants made certain representations about the capabilities and performance of the drill prior to the purchase, and that the drill did not perform in the manner that Defendants represented it would, causing Plaintiffs to suffer damages. Plaintiffs brought a variety of claims, and Defendants filed Motions to Dismiss.

On February 27, 2012, the Court entered a Memorandum Opinion and Order [77] granting in part and denying in part Defendants' Motions to Dismiss [34, 47]. The Court granted the motions as to the following claims:

- both Plaintiffs' claims for fraud and misrepresentation (Count IV);
- both Plaintiffs' claims for tortious interference with business

relations (Count XI);

- both Plaintiffs' claims for breach of fiduciary duty (Count XII);

- both Plaintiffs' claims for violation of the Mississippi Unfair Trade Practices Act (Count IX);

- both Plaintiffs' claims for violation of the Lanham Act (Count X);

- both Plaintiffs' claims for civil conspiracy (Count XVIII);

- both Plaintiffs' claims for deceptive advertising (Count VIII);

- Plaintiff Lowery's claim for breach of the duty of good faith and fair dealing (Count XIII); and

- both Plaintiffs' claims for breach of implied warranty of fitness for a particular purpose (Count VII).

However, the Court denied the motions as to the following claims:

- Plaintiff BC's Heating & Air's claim for breach of the duty of good faith and fair dealing (Count XIII);

- Plaintiff Lowery's claim for breach of implied warranty of merchantability (Count VI);

- Plaintiff Lowery's claim for breach of express warranty (Count V);

- both Plaintiffs' claims for negligence/gross negligence (Counts XIX and XX); and

- Plaintiff Lowery's claims for negligent and intentional infliction of emotional distress (Counts XVI and XVII).

On March 6, 2012, Plaintiffs filed a Motion for Partial Reconsideration [98] of the Court's opinion, which the Court now addresses.

**II. STANDARD OF REVIEW**

Motions for reconsideration are either addressed under Rule 59(e) or Rule 60(b).

*Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). The timing of the motion determines which rule applies. *Id.* A motion for reconsideration filed and served within twenty-eight days of the filing of the order to be reconsidered is reviewed under Rule 59(e), while anything filed and served after that is reviewed under Rule 60(b). *See Yarrito v. United States*, No. 5:11-CV-44-DCB-JMR, 2011 U.S. Dist. LEXIS 52312, at *1 (S.D. Miss. May 16, 2011); *Gunn v. City of Cleveland*, No. 2:09-CV-114-MPM, 2011 U.S. Dist. LEXIS 83927, at *3-*4 (N.D. Miss. July 29, 2011).

Plaintiffs filed their motion for reconsideration within twenty-eight days of the Court's order granting in part and denying in part Defendants' motions to dismiss. Accordingly, Rule 59(e) applies. Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Knight v. Kellogg Brown & Root Inc.*, 333 F. App'x 1, 8 (5th Cir. 2009); *see also Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Granting a Rule 59(e) motion is "an extraordinary remedy," and it "should be used sparingly." *In re Pequeno*, 240 F. App'x 634, 636 (5th Cir. 2007).

The Court has "considerable discretion" when considering Rule 59(e) motions. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, its discretion is not limitless, and it should be exercised with two "important judicial imperatives" in mind: "1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." *Templet*, 367 F.3d at 479. There are

three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008).

Plaintiffs have not cited any intervening change in the controlling law or new evidence previously unavailable to them. Accordingly, the Court assumes they believe the Court should amend its previous order to correct a clear error of law or prevent manifest injustice. Before litigants file a Rule 59(e) motion on this basis, they "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

### III. DISCUSSION

#### A. *Fraud and Misrepresentation*

First, Plaintiffs argue that the Court should reconsider its dismissal of Plaintiffs' claims for fraud and misrepresentation. Plaintiffs contend that they sufficiently pleaded these allegations. They did not.

As the Court previously noted, Rule 9(b) provides a "heightened pleading standard" for claims of fraud. *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The rule "requires, at a minimum, that a plaintiff set forth the who, what, when, where, and how of the

4

alleged fraud." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010) (punctuation omitted). Phrased differently, "[t]o plead fraud adequately, the plaintiff must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Sullivan v. Leor Energy LLC*, 600 F.3d 542, 551 (5th Cir. 2010). The Fifth Circuit interprets Rule 9(b) "strictly," requiring specific allegations as to each element of fraud. *Flaherty & Crumrine Preferred Income Fund Inc. v. TXU Corp.*, 565 F.3d 200, 206-07 (5th Cir. 2009).

Plaintiffs failed to identify the specific person(s) who made the representations at issue. *See Trim v. Trim*, 33 So. 3d 471, 478 (Miss. 2010) (elements of a claim for fraud and intentional misrepresentation). They also failed to specify where or when the statements were made. *Id.* Therefore, the Court did not err in dismissing Plaintiffs' claims for fraud and misrepresentation.

## B. *Implied Warranty of Fitness for a Particular Purpose*

"[N]o claim for breach of the implied warranty of fitness for a particular purpose will lie when a product is to be used for its ordinary purpose." *Watson Quality Ford, Inc. v. Casanova*, 999 So. 2d 830, 835 (Miss. 2008). Plaintiffs specifically alleged in their Complaint that Defendants warranted that the drill "was fit and suitable for the ordinary purpose for which it was sold, more specifically vertical drilling in BC's geographic service area at the performance rates represented by" Defendants. Therefore, the Court dismissed Plaintiffs' claim for breach of an implied warranty of fitness for a particular purpose.

Plaintiffs now argue that this purpose was not "ordinary," despite their specific factual allegation to that effect. The Court's review was confined to the pleadings. Plaintiffs specifically pleaded that the purpose for which they purchased the drill was ordinary. Therefore, the Court did not err. To whatever extent Plaintiffs believe this outcome to be unjust, Plaintiffs are – and have been – free to seek leave to amend their Complaint.

## IV. CONCLUSION

For the reasons stated above, the Court **denies** Plaintiffs' Motion for Partial Reconsideration [98].

SO ORDERED AND ADJUDGED this 28th day of March, 2012.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE