IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

BC'S HEATING & AIR AND SHEET METAL                          PLAINTIFFS
WORKS, INC. and CLARK LOWERY

v.                                                CIVIL ACTION NO. 2:11cv136-KS-MTP

VERMEER MANUFACTURING COMPANY, et al.                       DEFENDANTS

## ORDER

Presently before the Court is Plaintiffs' [113] Motion to Compel Defendant Vermeer Manufacturing Company ("Vermeer") to Produce Mary Vermeer Andringa ("Andringa") and Chris Shepperd ("Shepperd") for Oral Depositions. Having reviewed the motion and supporting [114] memorandum, the [120] [121] response, and the [128] reply,[1] as well as all matters made a part of the record of this case and the applicable law, the Court finds that the motion is not well taken and should be denied.[2]

This cause of action alleges damages arising from the purchase of a drill manufactured by Vermeer and used in Plaintiffs' geothermal operations. The original theories of recovery urged by Plaintiffs in support of their cause of action include fraud and misrepresentation; breach of express warranty; breach of implied warranty of merchantability; breach of implied warranty of fitness for a particular purpose; deceptive advertising; violation of the Mississippi Unfair Trade Practices Act; violation of the Lanham Act; tortious interference with business relations; breach

---

[1] Vermeer has filed a [129] Motion for Leave to File Concise Sur-reply. Although it does not affect the Court's ruling, for the purpose of a complete record the motion will be granted.

[2] Vermeer's [120] response is couched in alternative terms as a Motion for Protective Order to Quash the Depositions of Andringa and Shepperd. However, it is not docketed separately as a motion and there is nothing to quash.

of fiduciary duty; breach of duty of good faith and fair dealing; revocation and recission; negligent and intentional infliction of emotional stress; civil conspiracy; and negligence and gross negligence.  By [77] Memorandum Opinion and Order, the Court dismissed the claims for fraud and misrepresentation; tortious interference with business relations; breach of fiduciary duty; violation of the Mississippi Unfair Trade Practices Act and the Lanham Act; civil conspiracy; deceptive advertising; and breach of the implied warranty of fitness for a particular purpose.[3]  Plaintiffs' [98] Motion for Partial Reconsideration was [115] denied.

Andringa is Vermeer's chief executive officer, while Shepperd is its in-house corporate counsel.  Generally, neither is immune from being deposed just by virtue of their positions with the company.[4]  However, the bases for Plaintiffs' desire to depose Andringa are two letters written to her by Plaintiff Lowery expressing his dissatisfaction with the product which is the subject of this litigation.  The reasons for deposing Shepperd deal with testimony indicating that he may have stood in for another employee dealing with Plaintiffs' complaints while that employee was away from work, and Shepperd's verification of Vermeer's responses to written discovery.

Plaintiffs have failed to establish that the depositions of these two individuals are necessary to the remaining issues before the Court.  It is not at all clear that Plaintiffs need the deposition of the company CEO, especially in light of her declaration.  Likewise, a deposition of counsel does not appear necessary especially when other, less obtrusive discovery mechanisms

---

[3]These rulings applied to both Plaintiffs.  Plaintiff Lowery's claim for breach of the duty of good faith and fair dealing was also dismissed.

[4]Andringa's assertion of an extremely busy schedule is not a sufficient ground to avoid a deposition.

are available.[5]  For example, the record does not indicate that a 30(b)(6) deposition of Vermeer has been taken.  At such a deposition, Plaintiffs would be able to inquire into the information known or reasonably available to Vermeer about this cause of action.  *See generally Lizana v. State Farm Fire & Casualty Co.*, 2010 WL 445658, at *2 (S.D. Miss. 2010).[6]  *Cf. U. S. v. McKesson Corp.*, 2011 WL 2708494, at *1 (N.D. Miss. 2011) ("In the current case, it is in fact the testimony of McKesson's 30(b)(6) designee as well as documents produced in discovery that have led the United States to seek the deposition of Mr. Julian.").  Actually, eleven other depositions of Vermeer employees are planned whereby reasonable discovery may be had without deposing the company's CEO and lawyer.

Accordingly, **IT IS ORDERED**:

Plaintiffs' [113] Motion to Compel Vermeer to Produce Andringa and Shepperd for Oral Depositions is **DENIED.**

Defendant's [129] Motion for Leave to File Concise Sur-reply is **GRANTED.**  As the sur-reply is already a part of the record as an attachment to the motion, it is not necessary for Defendant to re-file.

**SO ORDERED** this the 27th day of April, 2012.

s/Michael T. Parker<br>United States Magistrate Judge

---

[5]*See* Fed. R. Civ. P. 26(b)(2)(C)(i).

[6]*Lizana* also discusses the method of designating/selecting the corporate representative(s).