IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

BC'S HEATING & AIR AND SHEET METAL       PLAINTIFFS
WORKS, INC. and CLARK LOWERY

v.            CIVIL ACTION NO. 2:11cv136-KS-MTP

VERMEER MANUFACTURING COMPANY, et al.    DEFENDANTS

**ORDER**

  THIS MATTER is before the Court on Plaintiffs' [132] Motion to Compel Certain Written Discovery.[1]  Defendant ("Vermeer"), from whom the discovery is sought, has [166] responded to the motion, while Plaintiff has [177] replied.  Having reviewed the motion and the opposing arguments, as well as all matters made a part of the record and the applicable law, the Court finds that the motion should be granted in part.[2]

  Plaintiffs' motion deals with two sections of Interrogatory number 7, which is prefaced with "Set forth in detail:".  Section (c) of the interrogatory reads: "The design history of the Flex Angle Machine Model D20x22fxII (Navigator) manufactured by Vermeer including the date and reason for any design modifications."  Section (e) reads: "Any and all complaints and/or calls which you or your dealers have received relating to breakdowns of the Flex-Angle Machine Model D20x22fxII (Navigator) manufactured by Vermeer."

  Vermeer introduced its answer to Interrogatory 7 in general fashion by "object[ing] to

---

[1] Plaintiffs have complied with the good faith requirements imposed by L. U. Civ. R. 37(a).

[2] The Court will also dispose of the [178] Joint Motion to Modify Case Management Order and the [179] Joint Motion to Substitute Real Party in Interest Under Fed. R. Civ. P. 25(c). Because these motions are joined by all parties and are supported by good cause, they do not require discussion.

this interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information not relevant to [the] subject matter of this litigation. Subject to and without waiving these objections, . . ." It then responded to each section of the interrogatory. As to section (c), Vermeer answered the interrogatory as follows:

> Vermeer objects that the terms "design history" and "design modifications" are vague and ambiguous, in that they are not sufficiently defined to permit response. Vermeer also objects that this interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that Plaintiffs [have] not asserted design-related claims.

[132]-2 at p. 9 of 22. Then, in correspondence to Plaintiffs' counsel dated April 20, 2012, Vermeer's counsel stated with respect to Interrogatory 7(c):

> In its Responses to Plaintiff[s'] Requests for Production, Vermeer produced information on updates and changes suggested for Plaintiffs' machine. However, Vermeer maintains that in light of Plaintiffs' specific claims–which do not include allegations of design defect–any further discovery regarding the design history would be irrelevant, overly burdensome, and unlikely to lead to the discovery of admissible evidence. Moreover, Vermeer objects that this request has not been appropriately limited in time, nor is it limited in scope [to] the facts and issues raised by this litigation.

[132]-4 at p. 2 of 13. Finally, Vermeer's [166] response to the motion points to Plaintiffs' denial of similar types of discovery propounded to them, that the interrogatory seeks information irrelevant to Plaintiffs' claims, and that "the scope of each request is not limited to any specific complaints or problems Plaintiffs allege to have suffered." *Id*. at p. 4 of 13.

As to section (e), Vermeer's original response is: "Vermeer objects that this request is not reasonably likely to lead to the discovery of admissible evidence because evidence of 'other incidences' is not relevant or probative of the claims and defenses at issue in this litigation." The April 20, 2012 letter referenced above reads:

2

> Finally, Interrogatory No. 7(e) seeks information about machines not at issue in this litigation. As you are aware, information is discoverable only if it is relevant to the claims or defenses of the case, or upon a showing of good cause, to the subject matter of the case. *See* Fed. R. Civ. P. 26(b)(1). Evidence related to different machines, parts, or products [] has no relevancy to the claims or defenses in this case, as it has no connection to your client's claims or the performance and service of your client's machine. As such, it does not have any tendency to lead to the discovery of admissible evidence. In addition, Plaintiffs' request is not appropriately limited in time or scope to the factual matters at issue in this litigation.

[132]-4 at p. 2 of 13. Vermeer's response to the instant motion points to Plaintiffs' failure to produce similar "other incident" information it requested but has not pursued upon such failure, that the scope of the requests are not limited to specific complaints or problems Plaintiffs allege they have suffered, and that "it seeks information that would publically identify individual customers, potentially expose them to harassment from investigators or Plaintiffs' counsel, and negatively impact Vermeer's business relationships." [166] at p. 12 of 13. Vermeer also makes clear that it has provided a substantial amount of discovery to date.

Plaintiffs request a substantive answer to sections (c) and (e) to determine if the Flex Angle Drill model manufactured by Vermeer before and after Plaintiffs' purchase "experienced similar performance issues, as those experienced by Plaintiffs, and, if so, what was done by Vermeer, if anything, to rectify those similar customer issues. Further, if similar problems were experienced before or after the Plaintiffs' purchase, [they desire to know] what design modifications, if any, were made in response to those problems." [132] at p. 2 of 4. Plaintiffs point to portions of their [1] Complaint that raise design issues. They are interested only in information "about other problems experienced with the particular model Drill in issue." [133] at p. 2 of 4. They also emphasize that the "Drill in question has only been manufactured since 2010." *Id*. Plaintiffs counter the arguments in Vermeer's response to the motion to compel by

discussing the difference between discoverability and admissibility, and offering a reminder that the [164] Protective Order entered by the Court addresses Vermeer's public dissemination concerns.

Fed. R. Civ. P. 33(a)(2) provides that "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." The relevant portion of Rule 26(b) reads:

> (1) Scope in General. . . . [T]he scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . .

Vermeer's objections to this particular discovery are for the most part conclusory. It offers different nuanced reasons at different times for supporting those objections. Vermeer has already supplied "information and changes suggested for Plaintiffs' machine." They merely object to further discovery on the subject.

The amount of discovery provided by Vermeer to date does not excuse it from responding to the requests at issue. The Court concludes that section (c) of the interrogatory in question is sufficiently limited in scope both as to the model at issue, and the time involved–given that the manufacture of the particular model occurred in 2010. Section (e) is unduly burdensome as it would require Vermeer to account for every contact and call it or its dealers have ever received about the drill at issue. Accordingly, it will be modified to require Vermeer to provide a summary of the complaints it has received relating to breakdowns of the model identified in the interrogatory.

The legal standard is whether the "discovery appears reasonably calculated to lead to the discovery of admissible evidence." The Court finds that this test is met and that Vermeer should

answer the two sections of this interrogatory as modified.  Questions of admissibility are left for another day.

Accordingly, **IT IS ORDERED:**

Plaintiffs' [132] Motion to Compel Certain Discovery is **GRANTED IN PART**.  By no later than June 15, 2012, Vermeer shall supplement its answers to Interrogatory No. 7(c) and (e) by supplying the requested information (as modified herein) on its Flex-Angle Machine Model D20x22fxII (Navigator),[3] subject to the [164] Protective Order entered in this cause.  Any other relief demanded in the motion is denied.

The [178] Joint Motion to Modify Case Management Order is **GRANTED**.  The [28] Case Management Order is hereby amended as follows: All discovery shall be completed by June 15, 2012.  All motions other than motions *in limine* shall be filed by June 29, 2012.  *Daubert* motions are due by the motions deadline of June 29, 2012.  All other provisions of the [28] Case Management Order remain in full force and effect.

The [179] Joint Motion to Substitute Real Party In Interest Under Fed. R. Civ. P. 25(c) is **GRANTED**.  Vermeer Manufacturing Company is hereby substituted in the place of Vermeer MidSouth, Inc. only as to the equitable claims by Plaintiffs pending against Vermeer MidSouth, Inc. and as to the counter-claims by Vermeer Mid-South, Inc. pending against Plaintiffs.

**SO ORDERED** this the 1st day of June, 2012.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge

---

[3]The model number is also identified in the motion papers as Flex-Angle Machine Model D20x22fx11.