# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

BC's HEATING & AIR AND SHEET
METAL WORKS, INC., et al.                                          PLAINTIFFS

V.                                  CIVIL ACTION NO. 2:11-CV-136-KS-MTP

VERMEER MANUFACTURING
COMPANY, et al.                                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants in part and denies in part** Defendants' Motion to Strike [210] Plaintiffs' Expert Designations.

First, Nancy Easterling, Jackie Stuckey, and Carla Whitfield will not be permitted to offer any expert testimony, including their opinions regarding the causation of Plaintiff Lowery's alleged emotional distress. They will, however, be permitted to testify as fact witnesses concerning their treatment of Plaintiff Lowery and the medical records that have been disclosed to Defendants.

Second, the Court declines to strike Plaintiffs' designation of John P. Galloway. However, Defendants may depose Galloway outside the discovery period. Plaintiffs must produce Galloway for a deposition on or before August 31, 2012, and they must produce any medical records or other documents relevant to Galloway's proposed expert testimony one week before the deposition. Plaintiffs shall bear any additional costs incurred by Defendants as a result of Plaintiffs' untimely designation.

## I. BACKGROUND

Plaintiff BC's Heating & Air and Sheet Metal Works, Inc. ("BC's") purchased a

drill from Defendants. Plaintiff Clark Lowery is the president and owner of BC's. Plaintiffs allege that Defendants made certain representations about the capabilities and performance of the drill prior to the purchase, and that the drill did not perform in the manner that Defendants represented it would.

Plaintiffs brought a variety of claims, and the Court dismissed many of them. A number of claims remain, though, including Plaintiffs' warranty and negligence claims. The Court now addresses Defendants' motion to strike [210] Plaintiffs' expert designations.

## II. DISCUSSION

### A. *Easterling, Stuckey, and Whitfield*

Defendants argue that the Court should strike Plaintiffs' designations of Nancy Easterling, Jackie Stuckey, and Carla Whitifield for Plaintiffs' failure to comply with the disclosure requirements of Rule 26(a)(2).

Plaintiffs' expert designation deadline was March 27, 2012. On that day, Plaintiffs designated Nancy Easterling, Jackie Stuckey, and Carla Whitfield – Plaintiff Clark Lowery's treating medical providers – as expert witnesses. However, Plaintiffs failed to disclose the facts and opinions to which they were expected to testify. On June 15, 2012 – the discovery deadline – Plaintiffs provided Defendants with an amended designation of expert witnesses. Therein, Plaintiffs again failed to disclose the facts and opinions to which Easterling, Stuckey, and Whitfield were expected to testify.

Rule 26 requires parties to disclose the identities of expert witnesses. FED. R. CIV. P. 26(a)(2)(A). Witnesses "retained or specially employed to provide expert

2

testimony in the case" must also provide a detailed written report. FED. R. CIV. P. 26(a)(2)(B). A party's treating physicians are not required to comply with the expert report requirement of Rule 26(a)(2)(B),[1] but they must be designated in accordance with Rule 26(a)(2)(A). *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004). The designation "must state (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C); *see also* L.U.Civ.R. 26(a)(2)(D).

It is clear that Plaintiffs did not provide a summary of the facts and opinions to which Stuckey, Easterling, and Whitfield are expected to testify, as required by Rule 26. However, there does not appear to be an actual dispute over the issue. Plaintiffs asserted that they only intend to use the subject witnesses to offer "directed testimony about their treatment of Plaintiff Lowery," and that the scope of their testimony would be "limited to their specific treatment provided to Plaintiff Lowery as set out in the medical records." Defendants have no objection to these witnesses providing fact testimony. Rather, Defendant objects to them offering opinions regarding the causation of Lowery's alleged emotional distress.

The Court assumes – based on Plaintiffs' response to Defendants' motion to

---

[1] This Court has previously observed, though, that the "best practice regarding the designation of any expert is for the attorney to comply with the rules explicitly and submit to the other party a written report prepared and signed by the witness," regardless of whether he was retained for the litigation. *Robbins v. Ryan's Family Steak Houses E., Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. 2004).

3

strike – that Plaintiffs intend to use Stuckey, Easterling, and Whitfield as fact witnesses, rather than as expert witnesses offering opinion testimony regarding the causation of Plaintiff Lowery's alleged emotional damages. That being the case, it was not necessary for Plaintiffs to include them in the expert designation or provide a summary of their testimony as required by Rule 26(a)(2)(c). Accordingly, the Court grants in part and denies in part Defendants' motion to strike [210]. Nancy Easterling, Jackie Stuckey, and Carla Whitfield will not be permitted to offer any expert testimony, including their opinions regarding the causation of Plaintiff Lowery's alleged emotional distress. They will, however, be permitted to testify as fact witnesses concerning their treatment of Plaintiff Lowery and the medical records that have been disclosed to Defendants.

## B. *John Galloway*

Defendants also argue that the Court should strike Plaintiffs' designation of John Galloway. Plaintiffs first designated him on June 15, 2012 – the discovery deadline. Three days later, Plaintiffs produced Galloway's expert report, and Plaintiffs have not yet produced any of Galloway's medical records pertaining to Plaintiff Lowery. Accordingly, Defendants argue that the Court should strike Plaintiffs' designation of Galloway.

Plaintiffs describe Galloway as a non-retained treating physician. Therefore, they were required to designate him in accordance with Rule 26(a)(2)(A). *Hamburger*, 361 F.3d at 882. Furthermore, the designation was required to "state (i) the subject matter on which the witness is expected to present evidence under Federal Rule of

4

Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C); *see also* L.U.Civ.R. 26(a)(2)(D). Plaintiffs were required to "make these disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Local Rule 26 provides:

> A party must make full and complete disclosure as required by FED. R. CIV. P. 26(a)(2) and L.U.Civ.R. 26(a)(2)(D) no later than the time specified in the case management order. Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial.

L.U.Civ.R. 26(a)(2).

Plaintiffs' expert designation deadline was March 27, 2012. They did not designate Galloway until June 15, 2012, and their designation was not complete until June 18, 2012, when they provided a summary of his testimony. *See* L.U.Civ.R. 26(a)(2)(B). Therefore, it is undisputed that Plaintiffs improperly designated Galloway. The Fifth Circuit has provided the following factors for district courts to consider when deciding whether to exclude improperly designated expert testimony: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger*, 361 F.3d at 883.

Plaintiffs claim that Lowery did not consult with Galloway before March 27, 2012, and, therefore, they argue that he could not have been disclosed before then. The Court finds this explanation less than satisfactory. Plaintiffs have known for some time that Lowery's alleged emotional damages are at issue, having alleged as much in their original complaint. Yet within the past few months Lowery decided to consult Galloway

5

– an out-of-state mental health specialist who provided Plaintiffs with an expert's report and curriculum vitae absent any supporting medical records. All of these factors cast significant doubt on Plaintiffs' claim that Galloway is merely a treating physician, rather than a retained expert.

Within the context of the present motion, the distinction between treating physician and retained expert is significant. If Galloway is just a treating physician, it is conceivable that Lowery merely decided that he needed to seek professional help for his alleged emotional distress, without any regard for the present litigation. However, if Galloway is a retained expert, then Plaintiffs have no legitimate explanation for their failure to timely designate him. The circumstances surrounding Galloway's designation lead the Court to have doubts about Plaintiffs' explanation.

With respect to the second factor, Plaintiffs argue that Galloway's testimony is very important to Lowery's claims for infliction of emotional distress. However, "expert testimony showing actual harm to prove mental injury is not always required." *Univ. of S. Miss. v. Williams*, 891 So. 2d 160, 173 (Miss. 2004); *see also Gamble v. Dollar Gen. Corp.*, 852 So. 2d 5, 11 (Miss. 2003). The Court will not presently determine whether expert testimony is necessary to prove Lowery's alleged mental injury. The Court will assume, though, that the testimony is of moderate importance to Plaintiffs' claims.

Plaintiffs argue that Defendants can not demonstrate that they would be prejudiced if the Court allowed Galloway's testimony. Plaintiffs contend that Galloway's testimony would be limited to the opinions contained in his report, which has been provided to Defendants. Plaintiffs fail to acknowledge, however, that

Defendants have had no opportunity to depose Galloway or submit his opinions to their own rebuttal expert. Indeed, Defendants have not even received the medical records from Galloway's alleged treatment of Lowery. Therefore, the Court finds that Defendants would be greatly prejudiced if the Court allowed Galloway's testimony.

Finally, the Court will not continue the trial of this matter to accommodate Plaintiffs' failure to timely designate their expert witnesses. Plaintiffs' designation deadline was originally March 1, 2012. Plaintiffs received two extensions of the deadline – to March 27, 2012 – but they waited until the discovery deadline of June 15, 2012, to designate Galloway as an expert witness. Accordingly, the Court declines to move the trial date.

Striking Plaintiffs' designation of Galloway and barring his testimony at trial would be an overly harsh remedy, though. The Court would not hesitate to levy it if there were less time before trial. However, there is sufficient time to cure the prejudice to Defendant. Therefore, the Court will not strike Plaintiffs' designation of Galloway at this time. Rather, Defendants may depose Galloway outside the discovery period. The deposition must occur on or before August 31, 2012, and Plaintiffs must produce all medical records or other documents relevant to Galloway's proposed testimony five days before the deposition. If Plaintiffs can not produce Galloway or the medical records before these deadlines, the Court will strike Plaintiffs' designation of Galloway and exclude his testimony from trial.

Additionally, Plaintiffs must bear any additional costs incurred by Defendants as a result of the untimely designation. Plaintiffs are not required, though, to bear any

costs that Defendant would have incurred regardless of the timeliness of the designation – such as the normal cost of a deposition.

### III. Conclusion

For the reasons stated above, the Court **grants in part and denies in part** Defendants' Motion to Strike [210] Plaintiffs' Expert Designations.

Nancy Easterling, Jackie Stuckey, and Carla Whitfield will not be permitted to offer any expert testimony, including their opinions regarding the causation of Plaintiff Lowery's alleged emotional distress. They will, however, be permitted to testify as fact witnesses concerning their treatment of Plaintiff Lowery and the medical records that have been disclosed to Defendants.

The Court declines to strike Plaintiffs' designation of John P. Galloway. However, Defendants may depose Galloway outside the discovery period. Plaintiffs must produce Galloway for a deposition on or before August 31, 2012, and they must produce any medical records or other documents relevant to Galloway's proposed expert testimony five days before the deposition. Plaintiffs shall bear any additional costs incurred by Defendants as a result of Plaintiffs' untimely designation.

SO ORDERED AND ADJUDGED this 9th day of August, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE