IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

BC's HEATING & AIR AND SHEET
METAL WORKS, INC., et al.                                             PLAINTIFFS

V.                                      CIVIL ACTION NO. 2:11-CV-136-KS-MTP

VERMEER MANUFACTURING
COMPANY, et al.                                                       DEFENDANTS

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants in part** Defendant Vermeer Manufacturing Company's Motion for Summary Judgment [228], and **grants in part** Defendant Vermeer Midsouth Inc.'s Motion for Summary Judgment [230].

### I. BACKGROUND

Plaintiff BC's Heating & Air and Sheet Metal Works, Inc. ("BC's") purchased the drill which is the subject of this case, and Plaintiff Clark Lowery is the president and owner of BC's. There are two corporate entities remaining as Defendants. Vermeer Manufacturing Company ("Vermeer") manufactured the drill, while Vermeer Midsouth, Inc. ("Midsouth") sold it to Plaintiff BC's. Plaintiffs allege that Defendants made certain representations about the capabilities and performance of the drill prior to the purchase, and that the drill did not perform in the manner that Defendants represented it would.

Plaintiffs brought a variety of claims, and the Court dismissed many of them. Several claims remain, though, including Plaintiffs' warranty and negligence claims. Each Defendant filed a motion for summary judgment [228, 230], and all of the parties

filed *Daubert* motions [223, 226, 232]. The Court scheduled a *Daubert* hearing, and it intends to wait until after the hearing to resolve some aspects of Defendants' motions for summary judgment. However, many of the issues raised in the motions are ripe for review, and the Court shall now address them.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials,

2

speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. VERMEER'S MOTION FOR SUMMARY JUDGMENT [228]

#### A.     *Plaintiff Lowery's Derivative Claims*

First, Vermeer Manufacturing Company argues that all of Plaintiff Clark Lowery's derivative claims should be dismissed because he was not a party to the purchase of the drill. In response, Plaintiff Lowery claims that Defendants' representatives made express representations to him in his "individual capacity," and he notes that he executed a personal guaranty incident to the transaction at issue. The Court already dismissed a number of Plaintiff Lowery's claims, but the following ones remain: breach of the implied warranty of merchantability, breach of express warranty, negligence/gross negligence, negligent/intentional infliction of emotional distress, and rescission of the personal guaranty.

"Under Mississippi law, a corporation is an entity separate and distinct from its stockholders." *Bruno v. Southeastern Servs., Inc.*, 385 So. 2d 620, 621 (Miss. 1980); *see also Burroughs v. McDaniel*, 886 So. 2d 748, 751 (Miss. Ct. App. 2004). Accordingly, this Court has noted:

> In Mississippi, an action to redress injuries to a corporation, whether arising in contract or in tort cannot be maintained by a stockholder in his own name, but must be brought by the corporation because the action belongs to the corporation and not the individual stockholders whose rights are merely derivative . . . even though the complaining stockholder owns all or substantially all of the stock of the corporation . . . . An exception to this rule arises where the stockholder seeks damages for the

3

> violation of a duty owed directly to him, but the exception comes into play only where the wrong itself amounts to a breach of the duty owed to the stockholder personally. The exception has no application merely because the acts complained of resulted in damage both to the corporation and to the stockholder.

*Jordan v. United States Fid. & Guar. Co.*, 843 F. Supp. 164, 175 (S.D. Miss. 1993) (punctuation and internal citations omitted); *see also Mathis v. Era Financial Sys.*, 25 So. 3d 298, 301 (Miss. 2009).

It is undisputed that Plaintiff BC's purchased the drill at issue in this case – not Plaintiff Lowery. Even if Defendants made representations to Lowery, he was not a party to the purchase of the drill. The only transaction to which Lowery was a party was his personal guaranty of BC's loan from De Lage Landen Financial Services, Inc., but Vermeer was not a party to that transaction. Therefore, Lowery can not seek damages for the violation of duties owed to BC's pursuant to the purchase transaction, and he has not demonstrated – legally or factually – that Vermeer owed any duty to him personally as a result of the sale.

Accordingly, the Court grants Vermeer's motion for summary judgment as to all claims asserted against it by Plaintiff Clark Lowery that are merely derivative of BC's claims. To be clear, it appears that the only claim asserted by Lowery related to duties owed to him personally is the claim for rescission of his personal guaranty of BC's loan. Therefore, his claims for intentional and negligent infliction of emotional distress, breach of implied warranty of merchantability, breach of express warranty, negligence, and gross negligence are dismissed.

**B.     *Breach of Duty of Good Faith & Fair Dealing***

In Mississippi, "[a]ll contracts contain an implied covenant of good faith and fair dealing in performance and enforcement." *Cenac v. Murray*, 609 So. 2d 1257, 1272 (Miss. 1992). "Good faith is the faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations of the other party. The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness." *Id.* (citing RESTATEMENT (SECOND) OF CONTRACTS § 205 (1979)). To demonstrate bad faith, a plaintiff must demonstrate "more than bad judgment or negligence; rather, bad faith implies some conscious wrongdoing because of dishonest purpose or moral obliquity." *Limbert v. Miss. Univ. for Women Alumnae Ass'n*, 998 So. 2d 993, 998 (Miss. 2008) (punctuation omitted); *see also Johnston v. Palmer*, 963 So. 2d 586, 594 (Miss. Ct. App. 2007).

Although the Court will not presently address Vermeer's performance of its duties under the Limited Warranty, Plaintiff has failed to demonstrate or allege any "conscious wrongdoing" or "moral obliquity" on the part of Vermeer Manufacturing Company. Plaintiff argues that Vermeer failed to timely provide the services it promised in the Limited Warranty. That is not sufficient to demonstrate a breach of the duty of good faith and fair dealing.[1] Accordingly, the Court grants Vermeer

---

[1]*See Limbert*, 998 So. 2d at 998 (breach of duty of good faith and fair dealing requires conscious wrongdoing, dishonest purpose, or moral obliquity); *Harris v. Miss. Valley State Univ.*, 873 So. 2d 970, 987 (Miss. 2004) (where plaintiff presented no evidence that defendants acted in bad faith, claim for breach of duty of good faith and fair dealing was properly dismissed); *Johnston*, 963 So. 2d at 594-95 (plaintiff was required to present evidence that defendant's actions were done for the sole reason of frustrating plaintiff's purpose in contracting); *Teeuwissen v. JP Morgan Chase Bank, N.A.*, No. 3:11-CV-46, 2011 U.S. Dist. LEXIS 133406, at *26 (S.D.

Manufacturing Company's motion for summary judgment as to BC's claim for breach of the duty of good faith and fair dealing.

## C.  *Revocation of Acceptance*

Plaintiff BC's asserted a claim for revocation of its acceptance of the subject drill. *See* MISS. CODE ANN. § 75-2-608 (2011). It is undisputed that the purchase contract was between Midsouth and BC's. Therefore, BC's did not accept anything from Defendant Vermeer Manufacturing Company, and there is no acceptance to revoke. *Royal Lincoln-Mercury Sales, Inc. v. Wallace*, 415 So. 2d 1024, 1028 (Miss. 1982) (where there was no evidence that the defendant contracted with plaintiff, no revocation was available). Therefore, the Court grants Vermeer Manufacturing Company's motion for summary judgment as to Plaintiff BC's claim for revocation of acceptance.

## D.  *Rescission of Personal Guaranty*

Defendants abandoned any rights they may have had pursuant to Lowery's personal guaranty of BC's loan. Therefore, the parties agree that Lowery's claim for rescission of the personal guaranty should be dismissed.

## E.  *Negligence/Gross Negligence*

Vermeer argues that BC's negligence claims should be dismissed pursuant to the economic loss doctrine. Under this doctrine, "a plaintiff who suffers only economic loss

---

Miss. Nov. 17, 2011) (mere negligence in failing to perform duties under contract does not constitute breach of duty of good faith and fair dealing); *River Region Med. Corp. v. Am. Lifecare, Inc.*, No. 5:07-CV-36, 2008 U.S. Dist. LEXIS 21693, at *19 (S.D. Miss. Mar. 18, 2008) (where plaintiff failed to present any evidence suggesting conscious wrongdoing, breach of duty of good faith claim was dismissed).

6

as the result of a defective product may have no recovery in strict liability or negligence, though such damage may be pursued under a breach of warranty theory of liability." *State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.*, 736 So. 2d 384, 387 (Miss. Ct. App. 1999). This Court previously recognized that the UCC is generally regarded as the exclusive authority for determining a seller's liability for damages pursuant to claims based on economic loss that are not attributable to personal injury or property damages. *Adcock v. S. Austin Marine, Inc.*, No. 2:08-CV-263, 2009 U.S. Dist. LEXIS 104264, at *12 (S.D. Miss. Oct. 30, 2009) (citing *Progressive Ins. Co. v. Monaco Coach Corp.*, 2006 U.S. Dist. LEXIS 21251, 2006 WL 839520 at *3 (S.D. Miss. 2006)). The Court also cited with approval decisions from other jurisdictions holding that plaintiffs can not use a tort theory to recover an economic loss resulting from a breach of contract, and it noted that most courts have held that the only remedy for receiving defective or non-conforming goods is under the UCC. *Id.* at *13.

This is a contract case governed by the UCC, and Vermeer's obligations to BC's are defined by the Limited Warranty. If the Court allowed plaintiffs to seek recovery under tort theories in cases clearly governed by contract principles, "tort law would subsume contract law, . . . manufacturer's exposure would be too greatly expanded, and . . . the increased costs to the ultimate consumer would be too great." *State Farm*, 736 So. 2d at 387 (quoting *Lee v. GM Corp.*, 950 F. Supp. 170, 174 (S.D. Miss. 1996)); *see also Palmer v. Orkin Exterminating Co.*, 871 F. Supp. 912, 915 (S.D. Miss. 1994) (where plaintiff complained only of defendant's failure to perform under a contract, tort claims were dismissed). As the Mississippi Court of Appeals noted, "[c]ontract law and

7

the law of warranty are well suited to handle controversies in which commercial purchases do not live up to the expectations of the consumer." *State Farm*, 736 So. 2d at 387. Therefore, the Court grants Vermeer's motion for summary judgment as to BC's claims of negligence and/or gross negligence.

### IV. MIDSOUTH'S MOTION FOR SUMMARY JUDGMENT [230]

#### A. *Breach of Duty of Good Faith and Fair Dealing*

As the Court already noted, to demonstrate a breach of the duty of good faith and fair dealing, a plaintiff must show "more than bad judgment or negligence; rather, bad faith implies some conscious wrongdoing because of dishonest purpose or moral obliquity." *Limbert*, 998 So. 2d at 998. Although the Court will not presently address Vermeer's performance of its duties under the Limited Warranty, Plaintiff BC's has failed to demonstrate or allege any "conscious wrongdoing because of dishonest purpose or moral obliquity" on the part of Vermeer Midsouth, Inc. Plaintiff argues that Midsouth failed to timely provide the services it promised, and that the drill failed to perform in the manner Midsouth's agents promised it would. That is not sufficient to demonstrate a breach of the duty of good faith and fair dealing.[2] Accordingly, the Court grants Vermeer Midsouth Inc.'s motion for summary judgment as to BC's claim for breach of the duty of good faith and fair dealing.

#### B. *Plaintiff Lowery's Derivative Claims*

---

[2]*See id.*; *Harris*, 873 So. 2d at 987; *Johnston*, 963 So. 2d at 594-95; *Teeuwissen*, 2011 U.S. Dist. LEXIS 133406 at *26; *River Region Med. Corp.*, 2008 U.S. Dist. LEXIS 21693 at *19.

For the same reasons stated in its analysis of Vermeer's motion for summary judgment, the Court grants Midsouth's motion for summary judgment with respect to Lowery's derivative claims.

## C.   *Negligence and Gross Negligence*

For the same reasons stated in its analysis of Vermeer's motion for summary judgment, the Court grants Midsouth's motion for summary judgment with respect to BC's claims of negligence and gross negligence.

## D.   *Punitive Damages*

Mississippi Code provides: "Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." MISS. CODE ANN. § 11-1-65(1)(a) (2012). Plaintiff suggested in briefing that Defendant "backdated" a warranty and attempted to obtain Clark Lowery's signature on it after this litigation began, but that is, at best, an embellishment of Plaintiff's deposition testimony. Defendant's counsel asked Plaintiff Lowery if he had signed a warranty registration card, and Lowery responded: "This is what they tried to get me to sign down the road that was actually backdated to date of purchase." Defendant's counsel then questioned Lowery regarding how the warranty registration card affects the beginning date of the warranty's term. This testimony does not constitute clear and convincing evidence of actual malice, gross negligence evidencing willful or wanton disregard for the safety of others, or actual fraud. Accordingly, the

9

Court grants Vermeer Midsouth, Inc.'s motion for summary judgment with respect to Plaintiff's claim for punitive damages.

### E.  *Revocation of Acceptance*

BC's has already returned the drill, and Defendants abandoned their counterclaims. Accordingly, BC's claim for revocation of acceptance is moot.

### F.  *Rescission of Personal Guaranty*

Defendants abandoned any rights they may have had pursuant to Lowery's personal guaranty of BC's loan. Therefore, the parties agree that Lowery's claim for rescission of the personal guaranty should be dismissed.

### V. CONCLUSION

For the reasons stated above, the Court grants Defendant Vermeer Manufacturing Company's motion for summary judgment [228] with respect to the following claims:

- all of Plaintiff Clark Lowery's claims which are derivative of Plaintiff BC's Heating & Air's claims, including his claims for intentional and negligent infliction of emotional distress, breach of implied warranty of merchantability, breach of express warranty, negligence, and gross negligence;

- Plaintiffs' claims for breach of the implied duty of good faith and fair dealing;

- Plaintiffs' claims for revocation of acceptance;

- Plaintiff Clark Lowery's claim for rescission of the personal guaranty; and

- Plaintiff BC's Heating & Air's claims for negligence and gross negligence.

The Court presently declines to address Vermeer's motion for summary judgment with respect to Plaintiff BC's claims for breach of express warranty, breach of implied warranty of merchantability, and consequential damages.

The Court grants Vermeer Midsouth Inc.'s Motion for Summary Judgment [230] with respect to the following claims:

- all of Plaintiff Clark Lowery's claims which are derivative of Plaintiff BC's Heating & Air's claims, including his claims for intentional and negligent infliction of emotional distress, breach of implied warranty of merchantability, breach of express warranty, negligence, and gross negligence;

- Plaintiff BC's Heating & Air's claims for negligence and gross negligence;

- Plaintiffs' claims for revocation of acceptance;

- Plaintiff Clark Lowery's claim for rescission of the personal guaranty;

- Plaintiffs' claims for breach of the duty of good faith and fair dealing; and

- Plaintiffs' claims for punitive damages.

The Court presently declines to address Midsouth's motion for summary judgment with respect to Plaintiff BC's claims for breach of express warranty, breach of implied warranty of merchantability, and consequential damages.

SO ORDERED AND ADJUDGED this 4th day of September, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE